# United States Court of Appeals
## For the First Circuit

**MANDATE**

No. 06-1823

UNITED STATES OF AMERICA,

Appellee,

v.

DESIREE ALVES,

Defendant, Appellant.

---

Before
Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

JUDGMENT

Entered: February 2, 2007

Desiree Alves, who pled guilty to conspiring to distribute and possess with intent to distribute "crack" cocaine, was sentenced to 36 months' imprisonment, well below what the government recommended for her substantial assistance and seven years below what would otherwise have been the mandatory minimum for her offense. Nevertheless, she challenges that sentence on the ground that the district court purportedly refused to consider her family circumstances--namely, that she is the mother of two young children, one of whom had already suffered the murder of her father and the death (by natural causes) of her infant sister.

In contending that the district court "refused to even consider Ms. Alves' request for mitigation because of her family circumstances," Alves takes out of context the court's statement that it had not further reduced Alves' sentence on that ground because of its view that "people who commit crimes necessarily must be punished without particular regard to their family circumstances." In context, that comment was part of the court's explanation of "what [it] ha[d] considered but not weighed in the

balance," id. at 15, and was prefaced by the court's statement that it "ha[d] seriously considered the situation of [Alves'] minor children," id. Thus, this is not a case where the sentencing court refused to consider a relevant factor but one in which it considered the proffered factor but found it outweighed by other relevant factors, particularly the seriousness of the offense and the need for punishment and general deterrence. Absent legal error, such balancing is the district court's prerogative. United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006).

Although, in the wake of United States v. Booker, 543 U.S. 220 (2005), the district court is permitted to consider previously discouraged factors such as a defendant's family circumstances, United States v. Antonakopoulos, 399 F.3d 68, 81 (1st Cir. 2005), it is not required to give them any particular weight, United States v. Sagendorf, 445 F.3d 515, 518 n.2 (1st Cir. 2006) (per curiam). By declining to further reduce Alves' sentence on that ground, the district court was not substituting its own policy judgments for those of Congress and the Sentencing Commission. Cf. United States v. Pho, 433 F.3d 53, 62-63 (1st Cir. 2006). Rather, its discounting of that factor was consistent with the Sentencing Commission's policy statement--which the court was also obliged to consider, 18 U.S.C. § 3553(a)(5)--that family responsibilities are ordinarily irrelevant in determining whether to give a reduced sentence, USSG § 5H1.6.

Accordingly, we grant the government's motion for summary disposition and affirm the sentence. See 1st Cir. Loc. R. 27.0(c).

We further grant the government's motion to file its brief under seal and to deconsolidate this appeal from Nos. 06-1822 and 06-2049.

By the Court:

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk.

Richard Cushing Donovan, Clerk

**MARGARET CARTER**

*Christy Phillips*
Deputy Clerk

By: _____
Chief Deputy Clerk.

Date: 2/23/07

[cc: Page Kelly, AFPD, Susan M. Poswistilo, AUSA,
Nancy Rue, AUSA, Dina Michael Chaitowitz, AUSA,
Jennifer H. Zacks, AUSA]